THE PEOPLE OF THE STATE OF NEW YORK, PLAINTIFF IN ERROR, v. THEODORE T. ADAMS, *alias* THEODORE T. LING, DEFENDANT IN ERROR.

*Chapter 261 of 1877 — what an offense under — when the discharge of a prisoner is reviewable on a writ of error.*

The defendant in error was indicted for a violation of chapter 261 of the Laws of 1877, providing that "any person who shall willfully place an obstruction upon any railroad * * so as to endanger the safety of any train * * shall upon conviction be punished," etc. The counsel for the people, in opening, stated that he would prove that the defendant, unlawfully and without permission jumped upon an engine standing on a side track in the yard at Syracuse, started the same, pursued some ten miles and overtook a freight train, kept it on the track half an hour, and ran the engine back westward on a track used only for trains going east. He admitted that the defendant "had no purpose to wreck a train." The court refused to direct the jury to acquit, but discharged the prisoner.

*Held*, that the people were entitled to review the discharge on writ of error.

That the court erred in directing a discharge, as the case should have been submitted to the jury.

WRIT OF ERROR issued to the Court of General Sessions of Onondaga county. The defendant in error was indicted for an alleged violation of chapter 261 of the Laws of 1877, entitled an act "to punish trespassing on railroads." The indictment charged that the defendant, on the 24th of July, 1877, at the town of Manlius, "with force and arms, willfully and maliciously and feloniously did place and put a certain obstruction, to wit, a locomotive engine, on the New York Central and Hudson River railroad (so called), so as to endanger the safety of a certain train, and the safety of said train was, by means and reason of said obstruction being put and placed on said railroad as aforesaid, greatly 'endangered' against the form of the statute," etc.

The second count charges that, with force, etc., "*he did place a certain obstruction, to wit, a locomotive engine, upon the New York Central and Hudson River railroad* (so called) against the form," etc.

The defendant pleaded not guilty, and was put upon trial before said court and a jury. The counsel for the people stated the facts

to be shown, among others, to wit : 1st. That the defendant, with three or four others, at East Syracuse, in said county, jumped upon an engine standing in the yard, and on a branch track off the main tracks, none of them being engineers, without permission, and unlawfully set the engine in motion and pursued eastward a freight train running east ; and, after running the distance of ten miles, overtook and stopped the freight train, *and held it on the track* for about one-half hour before it was allowed to proceed on its regular passage ; and during all this time the engine was standing on the track. The engine was run back westward on a track on which trains eastward bound only are allowed to run. Other facts were also stated, and the counsel for the people admitted the defendant " had no purpose to wreck a train."

The prisoner's counsel moved that the court direct the jury to acquit the prisoner, on the ground that the facts stated did not constitute a crime. This motion was denied. The prisoner's counsel then moved that the court discharge the prisoner on the same grounds. This motion was granted, and the people duly excepted, and asked the court to submit the case to the jury, which motion and request were refused, and the people excepted. Final judgment was entered, and the people obtained a writ of error to review it.

*W. P. Goodell*, for the plaintiff in error.

*Lansing & Lyman*, for the defendant in error.

HARDIN, J.:

There was no direction to the jury to acquit. It is made to appear clearly by the case that the court discharged the prisoner, and final judgment was entered thereupon, and therefore a writ of error lies in behalf of the people to review. There was a distinct refusal to submit the case to the jury, and the jury did not acquit the prisoner. (Chap. 82, Laws of 1852; *People* v. *Bennett*, 49 N. Y., 137; *People* v. *Clark*, 7 id., 385; *Appo* v. *People*, 20 id., 532, and *People* v. *Nestle*, 19 id., 583.)

The statute provides that "any person who *shall willfully place an obstruction* upon any railroad, * * * so as to endanger

the safety of *any train*, * * * shall, upon conviction, be punished by imprisonment in State prison." * * * The indictment charges that the prisoner " did place and put a certain obstruction, to wit, a locomotive engine, on the New York Central and Hudson River railroad, so as to endanger the safety of a certain train." The indictment was sufficiently definite in first, naming the town; second, the railroad; third, the obstruction; fourth, the fact that it was willfully placed on the railroad; fifth, and so as to endanger the safety of a certain train.

It therefore states all the essential facts to constitute a crime, in violation of the statute aforesaid. The statute declares that the placing of an obstruction, " so as to endanger the safety of a certain train," shall be a crime. It does not require an affirmative statement in the indictment of an intent to endanger. It is enough if the act is done as charged, to wit, " so as to endanger the safety of a certain train." That is sufficient to bring the case within the terms of the statute. The natural consequence of the act charged was to endanger the safety of trains. (*Reg* v. *Managhan et al.*, 11 Cox C. L. Cas., 608; *Reg* v. *Halrogel*, 2 Mood. & R., 339; *Commonwealth* v. *Bakeman*, 105 Mass., 53.) There was sufficient evidence stated in the opening of the counsel for the people to present a proper case for submission to the jury, and the court erred in refusing to submit the case to the jury, and in granting the motion for the discharge of the prisoner.

The judgment should be reversed and a new trial awarded in the court of General Sessions of Onondaga county, to which court the proceedings are remitted.

Talcott, P. J., and Smith, J., concurred.

Ordered accordingly.